Bissell, J.,
delivered the opinion of the court.
This suit was begun before a justice of the peace and resulted in a judgment against Vivian, the plaintiff in error, for $141.71, which, on appeal to the county court, was subsequently tried without a jury and resulted in the same judgment. No question concerning the sufficiency of the evidence to support the action is reserved or presented by the assignments of error. They are .of the most general *148 character and present no substantial questions which are urged in the argument or are involved in the decision. In 1893, Allen, the defendant in error, had a claim against The Spur Daisy Mining Company for $200, and The Northwestern Coal Company likewise had a claim against the same corporation for $61.00. Under an arrangement between Allen and the Coal Company, Allen’s claim was assigned to the company for the purposes of collection, and, as an attorney, he thereupon brought suit against the Mining Company for the amount of the two claims and got judgment. Execution was afterwards issued on this judgment, property sold, and a certificate of purchase issued, which Allen held for collection. Shortly before the period for redemption expired, Vivian went to Allen for the purpose of buying Allen’s interest in the certificate. The dispute proceeds from what occurred at the interviews between Allen and Vivian, and the damages which accrued to Allen by reason of Vivian’s acts. In stating the situation, we shall adopt the conclusions of the trial court and relate the facts as the court must have found them in order to render judgment for the plaintiff. At the time Vivian went to Allen to buy this certificate, the Mining Company had already made arrangements to redeem the property from the sale; the money had been raised and was in the bank before the completion of Vivian’s purchase from Allen. Of this Vivian had knowledge and Allen none. When Vivian went to Allen to buy, he made him an offer and obtained an option from him for ten days for the amount of his claim of $100, but he never exercised the option or offered the $100 for the purposes of the purchase. After the money had been deposited in the bank to redeem the property sold under the execution sale, Vivian, with knowledge of that fact, went to Allen and renewed negotiations, and finally offered him $75.00 for his claim, which Allen took. At this time the situation was laid before Allen. The difficulties surrounding the collection and the financial embarassments of the Mining Company were stated, and Allen led to believe from what Vivian said that the property would not *149 be redeemed and that the money could not be collected except by the union of the interests of the various creditors and an expenditure of a large sum in order to secure the collection of what was due. This, in general, is what happened, although the particulars and the details are not wholly stated. Influenced by these statements, Allen finally consented to accept $75.00, and assigned to Vivian his interest in the judgment, whereupon Vivian took the certificate to the bank, got the full amount of money due on the judgment, and appropriated to his own Use the difference between $75.00 and the amount of Allen’s interest in the judgment, which was $200, with costs and interest. This amounted at the commencement of the suit before the justice to $141.71. Allen subsequently learned of the situation, of the deposit in the bank to Vivian’s knowledge, and brought suit for the deceit and to recover damages, the measure of which was the difference between what Vivian paid him and the amount which he received on the certificate immediately after his purchase. The court below found the facts according to Allen’s contention; found that there was actual concealment and misrepresentation on Vivian’s part, and rendered judgment accordingly. It is from the judgment of the county court accepting this theory that error is prosecuted.
The oral argument was made by other counsel than the one filing the brief, and the assignments of error as laid were totally disregarded, and we are asked to reverse the case because the transaction between Allen and The Spur Daisy Mining Company created a trust which the justice of the peace had no jurisdiction to enforce, and that, without a judgment both declaring and enforcing the obligation which the Mining Company had with Allen, he could obtain no judgment and have no relief as against Vivian. Since this is the only question presented, it will be practically the only one either discussed or decided. We do not, however, say that, under any ofher assignment of error laid in the abstract, the judgment could be reversed, for we think otherwise. We do not think, however, that the position is well taken. The ac *150 tion is not between Allen and the Coal Company to enforce the obligation which the Coal Company entered into with Allen with reference to the judgment or its collection. The Coal Company did not collect the certificate and appropriate the proceeds to its own use to Allen’s detriment, nor did Allen ever have any cause of action against the Coal Company because of the collection of the certificate. The Coal Company never received anything beyond their interest in the judgment, and Allen’s interest went to Vivian and was collected by him and appropriated to his use by virtue of the assignment to him of Allen’s interest. What was done by Vivian with reference to the matter was simply a collection of Allen’s interest by virtue of the authority contained in the assignment and the appropriation was by virtue of his right thereunder. The transfer was complete in itself, authorized him to collect and appropriate the funds, unless Allen had a right to rescind the transaction. It is insisted he could only rescind, and could not sue for the deceit. We see no reason why the transfer cannot be recognized and treated as existing, and Vivian called upon to respond for the difference because of the damage which came to Allen from the misrepresentations which Vivian made respecting the situation at the time he made the purchase. It was simply an action for deceit, and the measure of recovery was the difference between the value of the thing assigned and the price which was paid for it.
The judgment was entirely warranted by the evidence, violates no legal principle which has been called to our attention, and must therefore be affirmed.

Affirmed.